ARTHUR LEVY, Respondent, *v.* STRENGS DYE WORKS, INC., Appellant.

Supreme Court, Appellate Term, First Department, March 8, 1934.

*Hughes, Schurman & Dwight* [*Hugh W. Reid, Curtiss Ely Frank* and *Stowell Rounds* of counsel], for the appellant.

*Samuel S. Breslin* [*Herman F. Schwartz* of counsel], for the respondent.

Per Curiam. Assets of a corporation are primarily applicable to the payment of its debts. Any agreement by which stockholders take the corporate assets to repay themselves money they invested is unenforcible *in præsenti* as well as *in futuro*, if thereby the corporation is left without sufficient assets to pay its creditors. Defendant is a New Jersey corporation. There the contract was made. In that State a corporation may validly purchase shares of its capital stock from its stockholders, all others consenting, in pursuance of a legitimate corporate purpose, provided its assets above the purchase price are sufficient to pay its creditors. If it gives its obligations for payment in the future the vendor becomes a creditor. If the corporation becomes insolvent prior to the maturity of such obligation, such debt is a valid claim equally with the claims of general creditors. (*Wolff* v. *Heidritter Lumber Co.*, 112 N. J. Eq. 34.) In New Jersey the statutory liability is civil. In New York it is criminal. Even when all the stockholders consent thereto, the question whether the purchase is for a legitimate corporate purpose can only be determined from the particular facts of each case. The agreement between the parties was not entire. The part in suit was separable from the rest and therein plaintiff agreed to sell and defendant to buy *in futuro*. Plaintiff was a stockholder and not a creditor in respect of the stock to be delivered by him to defendant on March 20, 1933, against payment therefor by defendant. Defendant, as trustee of its assets for the benefit of its creditors, was entitled to show the facts establishing its defenses by any competent and relevant evidence. Direct proof of the facts or book entries thereof are not inadmissible by reason of disagreement with statements in the balance sheet of defendant put in evidence by it. It was error to exclude defendant's evidence of no surplus and insolvency.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, Hammer, Callahan and Frankenthaler, JJ.